## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                        )<br>             Plaintiff,              )<br>                                                        )<br>       -vs-                                   )<br>                                                        )<br>NAIGANG LIN,                          )<br>     a/k/a Nai Lin,                     )<br>NAIYANG LIN,                         )<br>     a/k/a Nai Yang Lin,             )<br>LI JIN YANG,                            )<br>     a/k/a Lily,                            )<br>DONG LIN,                               )<br>     a/k/a Dong,                         )<br>CHANG-HUI CHEN,                 )<br>     a/k/a Chen,                         )<br>MEIYAN XIAO,                         )<br>FEI XIE,                                     )<br>BARRY STADLER,                    )<br>DANIEL WALSH,                      )<br>TERRANCE JAMAHL ALLEN,  )<br>AHMED SALIM HARROLD,    )<br>LUIS RAFAEL LARIOS-BENITES, )<br>NAIQING LIN,                          )<br>     a/k/a Nai Quing Lin,            )<br>JUAN LYU, and                         )<br>BRANDON LIN,                       )<br>                                                        )<br>             Defendants.             ) | No.  <u>CR-23-278-HE</u> |

## **MOTION FOR PROTECTIVE ORDER**

The United States respectfully requests that the Court enter a protective order concerning the disclosure of certain discovery materials. Counsel for the government has contacted counsel for defendants Naiyang Lin, Li Jin

Yang, Dong Lin, Chang-Hui Chen, Meyan Xiao, Fei Xie, Barry Stadler, Daniel Walsh, Ahmed Salim Harrold, Luis Rafael Larios-Benites, Naiqing Lin, Juan Lyu and Brandon Lin.  Counsel for said defendants have indicated that they do not object to the requested protective order. (As of this filing, defendants Naigang Lin and Terrance Jamahl Allen have not been apprehended or seen by this court.)

The defendants are charged by way of a forty seven-count indictment, returned on July 5, 2023, with a drug conspiracy, in violation of 21 U.S.C. § 846, four counts of possession of marihuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), two counts of distribution of marihuana, in violation of 21 U.S.C. § 841(a)(1); a possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), five counts of maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1), a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and thirty four counts of substantive money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii) (Doc. 157).  The discovery in this case is voluminous and includes bank records for accounts into which funds consisting of allegedly unlawful proceeds were deposited and/or transferred.  The government intends to largely provide complete and unredacted discovery materials, which will include personal identification information, including social security numbers, dates of birth, and financial account numbers.  An order from the Court requiring that Defendants use this information only for

defense counsel's case-related needs will address any concerns with releasing this information.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides for the type of protective order requested here. That section, entitled "Protective and Modifying Orders," provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The government does not seek to restrict the defendants' access to discovery in this case. Instead, it seeks merely to limit the use of that discovery to its proper purpose in preparing for court proceedings.

This Court has discretion to issue the requested protective order. *See, e.g., United States v. Coiro*, 785 F. Supp. 326, 330 (E.D.N.Y. 1992) ("The decision whether or not to enter such a protective order is—as with all discovery orders of a court under Rule 16—a matter for the discretion of the district court" and "will only merit reversal if the substantial rights of the defendant have been prejudiced.") In this context, a protective order will not impair the defendants' rights to access this discovery.

For these reasons, the government respectfully requests that the Court enter an order that any documents or files produced to the defense by the government be disclosed only to the defendants, defense counsel, and the agents of defense counsel (including translators), except as necessary during court proceedings, interviews of potential witnesses, or in court filings consistent with Rule 49.1 of the Federal Rules of Criminal Procedure. The

government would further ask that the named defendants be prohibited from reproducing and providing discovery to third parties, including through writing or orally relating the contents of discovery to anyone, aside from the assigned defense counsel or the agents of the defense counsel.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*Nick M. Coffey*
NICK M. COFFEY
Bar Number:    32754
Assistant United States Attorney
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
Nicholas.Coffey2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants associated with this case.

s/ NICK M. COFFEY
Assistant United States Attorney