## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

FILED

JUN 17 2024

JOAN KANE, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA.
BY_____, DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. **CR-23-278-HE** |
| | ) | |
| **NAIGANG LIN,** | ) | Violations: 21 U.S.C. § 846 |
| a/k/a Nai Lin, | ) | 21 U.S.C. § 841(a)(1) |
| **FEI XIE, and** | ) | 18 U.S.C. § 2 |
| **NAIQING LIN,** | ) | 21 U.S.C. § 856(a)(1) |
| a/k/a Nai Quing Lin, | ) | 18 U.S.C. § 1956(h) |
| | ) | 18 U.S.C. § 1956(a)(1)(B)(i) |
| **Defendants.** | ) | 18 U.S.C. § 1957 |
| | ) | 18 U.S.C. § 982(a)(1) |
| | ) | 21 U.S.C. § 853 |
| | ) | 28 U.S.C. § 2461(c) |

## S U P E R S E D I N G   I N D I C T M E N T

The Federal Grand Jury charges:

### COUNT 1
### (Drug Conspiracy)

From in or about January 2019, the exact date being unknown to the Grand Jury,

and continuing thereafter through on or about May 10, 2023, within the Western District

of Oklahoma and elsewhere,



----------------------------------------- **NAIGANG LIN,**
**a/k/a Nai Lin,**
**FEI XIE, and**
**NAIQING LIN,**
**a/k/a Nai Quing Lin,** ----------------------------------

knowingly and intentionally conspired, combined, confederated, and agreed with each

other and others, both known and unknown to the Grand Jury, to interdependently possess

with intent to distribute and to distribute controlled substances, including 1,000 kilograms or more of a mixture or substance containing a detectable amount of marihuana and 1,000 or more marihuana plants, both Schedule I controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means, among others:

1.     During the period of the conspiracy, **NAIGANG LIN** directed a major drug trafficking organization (the Lin DTO) headquartered in Michigan and the Western District of Oklahoma specializing in the cultivation, brokering, and distribution of black-market marihuana across the country.  The Lin DTO relied on a network of individuals for its operation.  These individuals included **NAIGANG LIN**, his business partner **FEI XIE**, and marihuana distributors, such as **NAIQING LIN**.

2.     **FEI XIE**, in particular, financed illegal marihuana grows associated with the Lin DTO and, along with **NAIQING LIN**, helped maintain the Lin DTO stash houses and brokered buyers of black-market marihuana.  The marihuana grows and stash houses used by the DTO in Michigan included 5189 Bonasa Dr. NE, Rockford, Michigan; 3040 Hamlet Circle, East Lansing, Michigan; 2866 Turtlecreek Dr., East Lansing, Michigan; 1400-1406 Sunset Avenue, Lansing, Michigan; 5253 Division Ave. S, Grand Rapids, Michigan; 5500 Division Ave. S, Grand Rapids, Michigan; 1744 68th Street SW, Byron Center, Michigan; and 9460 Homerich Ave. SW, Byron Center, Michigan.

2

3.     In or about early 2022, having been subject to a number of law enforcement actions in Michigan, members of the Lin DTO, including **NAIGANG LIN** and **NAIQING LIN**, relocated to the Western District of Oklahoma to continue the operations of the Lin DTO, including by establishing a black-market marihuana grow in Ada, Oklahoma, which **NAIQING LIN** helped maintain.

4.     Just as in Michigan, the Lin DTO relied on a network of stash houses in Oklahoma City to store bulk amounts of marihuana prior to it being transported to customers in other states.  These locations were maintained by a variety of persons, including **NAIQING LIN**, and included 6928 Melrose Lane, Suite B, Oklahoma City, Oklahoma; 1224 N Council Rd., Oklahoma City, Oklahoma; and 5800 Sanabel Court, Oklahoma City, Oklahoma.

The Grand Jury further incorporates all statements and allegations contained in Counts 2 through Count 7, as though fully set forth herein.

All in violation of Title 21, United States Code, Section 846, the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A).

### COUNT 2
**(Possession of Marihuana with Intent to Distribute)**

On or about December 19, 2022, within the Western District of Oklahoma,

---------------------------------------- **NAIGANG LIN,**
**a/k/a Nai Lin,** ----------------------------------------------

knowingly and intentionally possessed with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance.

3

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 3
### (Distribution of Marihuana)

On or about February 9, 2023, within the Western District of Oklahoma,



------------------------------------- **NAIGANG LIN,**
**a/k/a Nai Lin,** ---------------------------------------------

knowingly and intentionally distributed 50 kilograms or more of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, to L.R.L.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 4
### (Distribution of Marihuana)

On or about February 21, 2023, within the Western District of Oklahoma,



------------------------------------- **NAIGANG LIN,**
**a/k/a Nai Lin,** ---------------------------------------------

knowingly and intentionally distributed 100 kilograms or more of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, to T.J.A.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 5
### (Maintaining a Drug-Involved Premises)

From on or about September 6, 2022, the exact date being unknown to the Grand

Jury, through on or about May 10, 2023, within the Western District of Oklahoma,

---------------------------------------- **NAIGANG LIN,**
                **a/k/a Nai Lin,** -----------------------------------------------

knowingly and intentionally opened, leased, rented, used, and maintained a place at 6928

Melrose Lane, Suite B, Oklahoma City, Oklahoma, for the purpose of storing and

distributing marihuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1), and Title 18,

United States Code, Section 2.

## COUNT 6
### (Maintaining a Drug-Involved Premises)

From on or about October 12, 2022, the exact date being unknown to the Grand

Jury, through on or about May 10, 2023, within the Western District of Oklahoma,

---------------------------------------- **NAIGANG LIN,**
                **a/k/a Nai Lin,** -----------------------------------------------

knowingly and intentionally opened, leased, rented, used, and maintained a place at 5800

Sanabel Court, Oklahoma City, Oklahoma, for the purpose of storing and distributing

marihuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1), and Title 18,

United States Code, Section 2.

## COUNT 7
### (Maintaining a Drug-Involved Premises)

From on or about October 27, 2022, the exact date being unknown to the Grand

Jury, through on or about May 10, 2023, within the Western District of Oklahoma,

---------------------------------------- **NAIGANG LIN,**
**a/k/a Nai Lin,** -----------------------------------------------

knowingly and intentionally opened, leased, rented, used, and maintained a place at 1224

N. Council Rd., Oklahoma City, Oklahoma, for the purpose of storing and distributing

marihuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1), and Title 18,

United States Code, Section 2.

## COUNT 8
### (Money Laundering Conspiracy)

From in or about January 2019, the exact date being unknown to the Grand Jury,

and continuing thereafter through on or about May 10, 2023, within the Western District

of Oklahoma and elsewhere,

-------------------------------------------- **NAIGANG LIN,**
**a/k/a Nai Lin, and**
**NAIQING LIN,**
**a/k/a Nai Qing Lin,** -------------------------------------

knowingly and intentionally combined, conspired, confederated, and agreed with each

other and with others, both known and unknown to the Grand Jury, to interdependently

conduct financial transactions affecting interstate and foreign commerce in violation of

Title 18, United States Code, Section 1956(h), namely:

6

(a)  to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, both specified unlawful activities, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b)  to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, the felonious buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, both specified unlawful activities, in violation of Title 18, United States Code, Section 1957.

## MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means, among others:

1.      During the period of the conspiracy, **NAIGANG LIN** directed a major drug trafficking organization (the "Lin DTO") headquartered in Michigan and the Western District of Oklahoma specializing in the cultivation, brokering, and distribution of black-market marihuana across the country.  In an effort to launder their criminally derived proceeds, members of the Lin DTO used a variety of monetary instruments and financial transactions, including but not limited to wire transfers, funnel and/or straw accounts, vehicle purchases, and the purchase of cashier's checks and real estate. **NAIQING LIN** was responsible for transporting drug proceeds as well as opening funnel accounts.

2.      On many occasions during the period of the conspiracy, members of the Lin DTO made use of funnel accounts in order to conceal the nature, location, source, ownership, and control of proceeds derived from the Lin DTO's marihuana distribution activities.  To that end, these accounts were often placed in the names of individuals not involved in the day-to-day operations of the Lin DTO.

3.      Sometimes, these funnel accounts were employed to purchase real estate using drug proceeds, thereby concealing and disguising the nature, source, ownership, and control of the proceeds, as well as engaging in monetary transactions of more than $10,000 in criminally derived property. For example:

> a. In or about February 2021, **NAIGANG LIN** directed **NAIQING LIN** to open an account at Lake Michigan Credit Union (LMCU) and deposit over $30,000 in cash, which was then used to create a cashier's check for the purchase of a property at 1400-1406 Sunset Avenue, Lansing, Michigan (the "Sunset Property"). **NAIQING LIN** had no legal interest

in and to the Sunset Property, which the Lin DTO then used as a marihuana grow.

b. On or about April 30, 2021, J.L. remitted a $10,000 cashier's check from her account ending in 3705 at JP Morgan Chase Bank, which was then used to pay the earnest money deposit to Sun Title Company for the purchase of a residence at 5253 Division Ave. S, Grand Rapids, Michigan (the "5253 Division Property"). The cashier's check was funded by two separate cash deposits into J.L.'s account: (1) a $9,000 deposit on April 12, 2021, and then (2) a $3,960 deposit on April 30, 2021. J.L. had no legal interest in and to the 5253 Division Property. **NAIGANG LIN** also funded the purchase of the 5253 Division Property, which served as a marihuana grow and stash location for the Lin DTO, via $100,000 cashier's check, made payable to Sun Title Company, drawn on his account ending in 5212 at Consumer's Credit Union on May 26, 2021. This $100,000 was funded in large part by a series of deposits over the month prior, all except one of which did not exceed $10,000.

c. On or about April 28, 2022, **NAIGANG LIN** directed J.L. to open a Bank of America account ending in 1697 under the business name 274 Stirling LLC (the "274 Stirling Account"). **NAIGANG LIN** and J.L., who is the sole signer on the 274 Stirling Account and the registered agent for the associated business, 274 Stirling LLC, used the 274 Stirling Account to send a $375,962.26 wire transfer to a Mississippi title company, Brown,

Langston, and Taylor, for the purchase of a residence at 274 Stirling Dr., Starkville, Mississippi. The wire was funded by a $35,000 cash deposit made in Oklahoma City, along with a series of deposits from entities across the country which have no legal connection to **NAIGANG LIN**, J.L. or the Lin DTO. J.L. had no legal interest in and to the Stirling Residence. **NAIGANG LIN** also used the 247 Stirling Account to pay Lin DTO marijuana distributors.

d. On July 25, 2022, **NAIGANG LIN** and J.L. also used the 247 Stirling account to wire $100,000 to a title company for the purchase of a residence at 2653 Sycamore River Dr., Fowlerville, Mississippi (the "Sycamore Residence"). This wire transfer was preceded by two cash deposits—$61,000 and $39,000—made into the account on the same day by **NAIGANG LIN** in Oklahoma City. J.L. had no legal interest in and to the Sycamore Residence.

4. During the period of the conspiracy, **NAIGANG LIN** used accounts in other peoples' names in order to deposit large sums of drug proceeds for the purpose of concealing and disguising the nature, source, ownership, and control of the drug proceeds.

a. On or about March 20, 2022, **NAIGANG LIN** made four cash deposits, in the amounts of $1,880, $1,580, $1,520, and $1,390, into G.M.L.'s account ending in 5961 at JP Morgan Chase Bank.

b. On or about November 22, 2022, **NAIGANG LIN**, together with G.M.L., deposited $50,880, broken up into seven deposits, into G.M.L.'s account ending in 5961 at JP Morgan Chase Bank. **NAIGANG LIN** returned to the bank later that day to obtain a cashier's check for $52,306.79 from this account, and he used that check to pay off the balance on a residence located at 9460 Homerich Ave. SW, Byron Center, Michigan.

5.    During the period of the conspiracy, **NAIGANG LIN** used a JP Morgan Chase Bank account ending in 2713 under the name "JJ Gourmet Kitchen," which was ostensibly the operating account for the Lin Family restaurant, Private Kitchen, which was located at 1117 NW 25th Street, Oklahoma City, Oklahoma. The sole signer on the account (the "Private Kitchen Account") is **NAIQING LIN**, who allowed **NAIGANG LIN** to open the Private Kitchen Account in his (**NAIQING LIN's**) name by providing **NAIGANG LIN** his driver's license and social security card at the time the account was opened on or around February 16, 2022. The Private Kitchen Account was used by the Lin DTO in a variety of ways, including to pay marihuana couriers in an effort to conceal and disguise the nature, source, ownership, and control of their drug proceeds. **NAIQING LIN** also titled a vehicle in his name for the Lin DTO, a vehicle which B.S. used to transport marijuana across the country on behalf of the Lin DTO.

The Grand Jury incorporates by reference all statements and allegations contained in Counts 1 through 8 and 9 through 18 inclusive, as though fully set forth herein.

All in violation of Title 18, United States Code, Section 1956(h).

## Counts 9–13
### (Concealment Money Laundering)

On or about the dates set forth below, within the Western District of Oklahoma,

 **NAIGANG LIN,**
**a/k/a Nai Lin,** ----------------------------------------------

did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, specifically: the cash deposits described below, into G.M.L.'s account ending in 5961 at JP Morgan Chase Bank, which involved the proceeds of a specified unlawful activity, that is the felonious receiving, buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

| COUNT | DATE | AMOUNT |
|-------|------|--------|
| 9 | 3/18/2022 | $2,567 |
| 10 | 3/20/2022 | $1,880 |
| 11 | 3/20/2022 | $1,580 |
| 12 | 3/20/2022 | $1,520 |
| 13 | 3/20/2022 | $1,390 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## Counts 14–16
### (Concealment Money Laundering)

On or about the dates set forth below, within the Western District of Oklahoma,

-------------------------------------- **NAIGANG LIN,**
**a/k/a Nai Lin,** --------------------------------------------

did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, specifically: the cash deposits described below, into D.W.'s account ending in 4076 at Bank of America, which involved the proceeds of a specified unlawful activity, that is the felonious receiving, buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

| COUNT | DATE | AMOUNT |
|-------|------|--------|
| 14 | 6/17/2022 | $16,000 |
| 15 | 6/17/2022 | $14,600 |
| 16 | 6/17/2022 | $900 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and Title 18, United States Code, Section 2.

## Counts 17–18
### (Monetary Transaction in Criminally Derived Property)

On or about the dates set forth below, within the Western District of Oklahoma,



------------------------------------------- **NAIGANG LIN,**
                              **a/k/a Nai Lin,** -------------------------------------------

did knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, namely Bank of America, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the cash deposits set forth below, such property having been derived from a specified unlawful activity, that is, the felonious receiving, buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 17 | 7/25/2022 | Deposit of $61,000 into J.L.'s account ending in 1697 at Bank of America. |
| 18 | 7/25/2022 | Deposit of $39,000 into J.L.'s account ending in 1697 at Bank of America. |

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE

The allegations contained in this Superseding Indictment are hereby re-alleged and incorporated for the purpose of alleging forfeiture.

Upon conviction of any of the offenses alleged in Counts 1 through 7, 17, and 18 of this Superseding Indictment, **NAIGANG LIN** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result

14

of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of any of the offenses alleged in Counts 8 through 16 of this Superseding Indictment, **NAIGANG LIN** shall forfeit to the United States any property, real or personal, involved in such offense(s), and any property traceable to such property including, but not limited to a money judgment representing the proceeds obtained as a result of the offense(s).

Upon conviction of the offense alleged in Count 1 of this Superseding Indictment, **FEI XIE** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense.

Upon conviction of the offense alleged in Count 1 of this Superseding Indictment, **NAIQING LIN** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), **NAIGANG LIN** and **NAIQING LIN** shall forfeit any other property belonging to the defendants, up to the value of the property described above which were obtained by the defendants as a result of the offenses, if, by any act or omission of the defendants, the property described above, or any portion thereof,

15

cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

Upon conviction of the offense alleged in Count 8 of this Superseding Indictment, **NAIQING LIN** shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property including, but not limited to a money judgment representing the proceeds obtained as a result of the offense.

The property subject to forfeiture includes, but is not limited to:

1. real property located at 1744 68th Street SW, Byron Center, Michigan 49315;

2. real property located at 9460 Homerich Avenue SW, Byron Center, Michigan 49315;

3. real property located at 1400-1406 Sunset Avenue, Lansing, Michigan 48917;

4. real property located at 5500 Division Avenue S, Grand Rapids, Michigan 49548;

5. real property located at 5189 Bonasa Drive NE, Rockford, Michigan 49341;

6. real property located at 5253 Division Avenue S, Grand Rapids, Michigan 49548;

7. real property located at 1718 Broadmoor Street, Muskegon, Michigan 49442;

8. real property located at 2866 Turtlecreek Drive, East Lansing, Michigan 48823;

9.      real property located at 2653 Sycamore River Drive, Unit 192, Fowlerville, Michigan 48836;

10.     real property located at 274 Stirling Drive, Starkville, Mississippi 39759;

11.     a white 2015 BMW X5, bearing VIN 5UXKR0C5XF0K71824;

12.     a blue 2018 Chevrolet Silverado, bearing VIN 1GC4K1EY5JF244810;

13.     a white 2020 Ford Transit Van, bearing VIN 1FTBW3XG7LKB42706;

14.     a white 2020 GMC Denali Pickup, bearing VIN 1GT49REY8LF103341;

15.     a black 2021 Mercedes GLE, VIN 4JGFB4KBXNA815961;

16.     approximately $620.63 in funds seized from Bank of America account number XXXXX7789;

17.     approximately $3,670.15 in funds seized from JP Morgan Chase Bank account number XXXXX2713;

18.     approximately $64.52 in funds seized from Bank of America account number XXXXX2083;

19.     approximately $20,548.43 in funds seized from Bank of America account number XXXXX4874;

20.     approximately $4,979.37 in funds seized from KeyBank account number XXXXX5358;

21.     all funds in Coinbase user account 5a26f99012ec1d012c735dc4;

22.     approximately $18,294.00 in U.S. currency, seized from 8117 NW 84th Street, Oklahoma City, Oklahoma;

23.     approximately $46,630.00 in U.S. currency, seized from 1744 68th Street SW, Byron Center, Michigan; and

24.     a Rolex Sea Dweller Oyster Watch.

All pursuant to Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

ROBERT J. TROESTER
United States Attorney

NICK COFFEY
Assistant United States Attorney

18